IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KATHERINE ANABEL MOPOSITA MOPOCITA, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-171-KC |
| MARY DE ANDA-YBARRA et al., | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Katherine Anabel Moposita Mopocita's Motion for Contempt ("Motion"), ECF No. 5.  On February 4, 2026, the Court granted in part Mopocita's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide her with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, her continued detention; or (2) release her from custody, under reasonable conditions of supervision, by no later than February 10, 2026.  Feb. 4, 2026, Order 2–3, ECF No. 4.

On February 10, Mopocita informed the Court that the IJ denied bond for lack of jurisdiction due to the intervening Fifth Circuit decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Mot. 2.  It appears that no evidence or argument was heard on Mopocita's flight risk or dangerousness.  *See id.* ("The scheduled bond hearing did not proceed" because the IJ "does not think the federal court can tell him what to do."). Mopocita argues that Respondents have not complied with the Court's Order because they neither provided her with a bond hearing nor released her from custody.  *Id.* at 2–3.

On February 11, Respondents filed a Status Report, ECF No. 8, in which they state that the "IJ denied the petitioner's bond request, finding no jurisdiction," and "[t]he petitioner remains in ICE detention." Respondents have not filed a response to Mopocita's Motion. By virtue of their Status Report, Respondents appear to concede that they have failed to follow the instructions in the February 3 Order. *See generally id.*

To the extent Respondents' failure is a response to the intervening decision from the Fifth Circuit in *Buenrostro-Mendez*, this decision does not preclude Mopocita's habeas relief and the Court's February 3 Order still stands.

The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Mopocita's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. And thus *Buenrostro-Mendez* does require dismissal of Mopocita's statutory claim. However, this Court granted Mopocita's Petition in part "on procedural due process grounds." Feb. 3, 2026, Order 2.

The *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10. And the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion." *Id.* at *10. Presumably, those further proceedings will entail consideration of Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance.[1] *Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 n.4 (S.D. Tex. Oct. 7, 2025). Indeed, the Government's counsel stated it bluntly during oral argument: "We have one issue before the Court now: the statutory

---

[1] *Buenrostro-Mendez* was consolidated with another case on appeal. *Buenrostro-Mendez*, 2026 WL 323330, at *3. In that case, too, the district court declined to reach the due process claim, granting the petition solely on statutory grounds. *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *5 n.3 (S.D. Tex. Oct. 8, 2025).

question. . . . There's not, in other words, a due process claim here." Oral Argument, *Buenrostro-Mendez v. Bondi*¸ No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

As this Court has previously stated, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process." *Marceau v. Noem*, No. 3:26-cv-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026). At least one other district court in the Fifth Circuit has held the same, granting an immigration detainee's habeas claim days after the decision in *Buenrostro-Mendez*. *See* Order, *Hassen v. Noem*, No. 3:26-cv-48-DB, at *4 n.1 (W.D. Tex. Feb. 9, 2026), ECF No. 8 ("*Buenrostro-Mendez* does not change this case's outcome on procedural due process grounds.").

And this conclusion is not altered by the Fifth Circuit's aside in the penultimate paragraph of the *Buenrostro-Mendez* decision that: "The petitioners' fears about potential abuse of detention pending removal proceedings under Section 1225b2A are wholly speculative. In any event, *Zadvydas v. Davis*, 533 U.S. 678, 678 (2001), has no direct application to aliens who are detained and being given due process during removal proceedings." *Buenrostro-Mendez*, 2026 WL 323330, at *9 (citation omitted).

In *Zadvydas*, the Supreme Court considered a challenge to the statute that permits the Government to detain aliens who are subject to final orders of removal. *Zadvydas*, 533 U.S. at 682. The Court held that such detention becomes unlawful once removal is no longer reasonably foreseeable because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 699. *Zadvydas*, by its very terms, squarely applies to post-removal-period detention. *See id.* But it "has no direct application" to people who are detained

3

pending removal proceedings.  *See Buenrostro-Mendez*, 2026 WL 323330, at *9.  And the constitutional concerns of indefinite detention raised in the post-final-removal-order context are not equally present when removal proceedings remain pending and will eventually conclude. *See Zadvydas*, 533 U.S. at 697.  The Fifth Circuit's reiteration of *Zadvydas*' general inapplicability to pre-final-removal-order-detention is not a ruling on the viability of any and all due process challenges to that detention.  And this aside does not change the fact that the Fifth Circuit only decided the statutory question and did not adjudicate the petitioners' due process claims.

Moreover, this Court's many immigration habeas decisions finding due process violations have been based on the *Mathews v. Edlridge* test and principles of procedural due process, not on *Zadvydas*.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685–87 (W.D. Tex. 2025).  Thus, *Buenrostro-Mendez* does not preclude Mopocita's procedural due process claim or undermine this Court's Order granting her Petition on that claim.

Respondents have been afforded "a final opportunity" to provide Mopocita with "the process to which [she] is entitled under the Constitution."  *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *5 n.1 (W.D. Tex. Nov. 10, 2025).  They did not do so.  Mot. 2; Status Report.  Thus, Respondents were required to release Mopocita from custody no later than February 11, 2026.  They did not do that either and are therefore in violation of the Court's Order.  Given the intervening decision from the Fifth Circuit and the confusion that may have caused, the Court declines to hold Respondents in contempt or levy sanctions at this time.

Accordingly, Mopocita's Motion, ECF No. 5, is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Respondents shall **RELEASE** Mopocita from custody, under reasonable conditions of supervision, **immediately, and in no event any later than February 17, 2026**.

**IT IS FURTHER ORDERED** that, **on or before February 17, 2026**, Respondents shall **FILE** notice informing the Court whether Mopocita has been released from custody.

**There will be no extensions of the February 17, 2026, deadlines**.

**SO ORDERED**.

**SIGNED** this 13th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE